**Tess Hellgren,** OSB No. 191622
tess@innovationlawlab.org
**Rachel Landry**, Mass. No. 713320*
rachel@innovationlawlab.org
**Tiffany E. Wang**, N.M. No. 163189*
tiffany@innovationlawlab.org
Innovation Law Lab
333 SW 5th Ave., Suite 200
Portland, OR 97204
Telephone: (503) 922-3042

**Amber Qureshi**, D.C. No. 90001046*
M.D. Atty. No. 1912180097
amber@qureshilegal.com
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Rd, PMB #207
Columbia, MD 21045
Telephone: (443) 583-4353

*\* admitted pro hac vice*

*Attorneys for Plaintiff Innovation Law Lab*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| INNOVATION LAW LAB, | Case No. 3:25-cv-00066-AN |
| Plaintiff, | |
| v. | PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY BRIEFING SCHEDULE DUE TO LAPSE IN FUNDING |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| Defendant. | |

For the reasons explained below, Plaintiff respectfully requests that this Court deny Defendant's Motion to Stay Briefing (Dkt. 40).

This case concerns two Freedom of Information Act ("FOIA") requests filed by Plaintiff Innovation Law Lab ("Law Lab") to Defendant U.S. Immigration and Customs Enforcement ("ICE") for records on ICE's national and regional guidelines concerning how ICE makes detention placement and/or transfer decisions about noncitizens in its custody. The parties are currently briefing cross-motions for partial summary judgment.

This Court previously granted Defendant's motion to extend the summary judgment briefing deadlines over plaintiff's objection. *See* Dkts. 31, 32. Defendant filed its motion for partial summary judgment on January 17, 2026.[1] Dkt. 33. Plaintiff filed its consolidated cross-motion for partial summary judgment and opposition to Defendant's partial motion for summary judgment on February 16, 2026. Dkt. 38. Defendant's response to Plaintiff's motion and reply in support of its motion is due on March 13, 2026. Dkt. 32, 37.

On March 6, 2026, Defendant filed a motion requesting the Court to stay the briefing in this case with briefing to resume 30 days after funding is restored to the Department of Homeland Security ("DHS"). Dkt. 40. Defendant did not attach any declarations or other evidence in support of its motion. *See generally id*. Instead, the motion states that "[g]overnment counsel has received [] information from ICE regarding the impact of the current DHS shutdown," including that "the ICE FOIA Office has been furloughed." *Id*. at 2.

---

[1] Defendant's motion was due on January 16, 2026. Dkt. 31. On January 20, 2026, this Court issued an Order for Defendant to show why there is good cause to extend the Court's deadline. Dkt. 35. Based on Defendant's response to the Court's Order, Dkt. 36, the Court found that there was good cause to extend the Court's deadline. Dkt. 37.

1

Plaintiff's Opposition to Defendant's
Motion to Stay Briefing

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). However, in FOIA cases, courts have a duty to prevent unreasonable delay in production of appropriate documents, as such delays "violate the intent and purpose of FOIA." *Long v. U.S. I.R.S.*, 693 F.2d 907, 910 (9th Cir. 1982); *see also Freedom Commc'ns Inc. v. F.D.I.C.*, 157 F.R.D. 485, 486 (C.D. Cal. 1994) (explaining that the Civil Priorities Act, 28 U.S.C. § 1657, encourages courts to give special consideration to actions asserting federal rights, including FOIA).

A court's "decision to stay proceedings 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Among the factors courts consider in deciding whether to issue a stay is "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Id*. (internal quotations and citation omitted); *see also id*. at 1087 (noting that "the Supreme Court made clear that 'if there is even a fair possibility that the stay . . . will work damage to some one else,' the party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward.' (quoting *Landis*, 299 U.S. at 255)). Moreover, a "greater showing" is required where "a stay is especially long or its term is indefinite." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

This Court should deny Defendant's motion for an indefinite stay because such a stay would impose hardships on Plaintiff that outweighs any hardship or inequity that Defendant may suffer. If this Court grants an indefinite stay for the duration of the partial government shutdown,

2

Plaintiff's Opposition to Defendant's
Motion to Stay Briefing

Plaintiff will continue to be deprived of critical records which it is entitled to receive promptly under FOIA. In its opposition to Defendant's motion for an extension and motion for partial summary judgment, Plaintiff has explained in detail the urgent need for information regarding ICE's guidelines for the placement and transfer of individuals in ICE custody, especially as ICE continues to detain and rapidly transfer individuals, including Plaintiff's clients, at an unprecedented scale. *See* Dkt. 31 at 5–8; Dkt. 38 at 35–39.

Defendant's unsupported assertions fail to acknowledge that critical ICE components tasked with FOIA compliance, including agency counsel who are responsible for FOIA requests in litigation, are not furloughed. Moreover, Defendant's public statements shed doubt on Defendant's suggestion that the entire ICE FOIA Office is furloughed. Lastly, even if some relevant staff are impacted by the partial shutdown, the Anti-Deficiency Act allows ICE to prepare and file its brief.

*First*, ICE's suggestion that a single office's furlough disables FOIA compliance agency-wide ignores how ICE is structured and funded. To start, FOIA compliance at ICE does not run exclusively through the "ICE FOIA Office." Dkt 40 at 2. Nor is FOIA compliance centralized within the ICE FOIA Office. While the FOIA Office performs intake and tasking functions, FOIA compliance is distributed throughout ICE. For example, ICE Office of the Principal Legal Advisor ("OPLA") is responsible for FOIA requests once litigation is filed, including coordinating with U.S. Attorneys' Offices on FOIA litigation, and administrative appeals. *See* U.S. Immigration and Customs Enforcement, OPLA: General and Administrative Law (G&AL), https://www.ice.gov/opla/general-administrative ("The Government Information Law Division (GILD) attorneys advise all ICE program offices on matters relating to the disclosure of agency information . . . . They also adjudicate administrative appeals under the Freedom of

3

Plaintiff's Opposition to Defendant's
Motion to Stay Briefing

Information Act and help U.S. Attorneys' Offices to defend information-related litigation filed against ICE.").

Critically, ICE OPLA is not furloughed. It is fully funded through fiscal year 2029 under the One Big Beautiful Bill Act under Account 070 25/29 0540, a separate statutory account expressly delineated in DHS's budget submissions to Congress. *See* U.S. Dep't of Homeland Sec., Monthly Budget Execution and Staffing Report Fiscal Year 2025, 12 (Dec. 17, 2025), https://www.dhs.gov/sites/default/files/2026-02/25_1217_ocfo_monthly-execution-and-staffing-fy25-report-september-25_0.pdf (Account 070 25/29 0540); Pub. L. 119-21, Title X, Sec. 100052. Defendant's assertion that it lacks available declarants or cannot engage in litigation FOIA tasks, Dkt. 40 2-3, is flatly contradicted by the funding Congress has provided for precisely those functions. Because ICE OPLA is funded through Fiscal Year 2029, ICE OPLA must continue to carry out FOIA-related litigation tasks during any lapse in appropriations. Defendant's request for a stay would improperly excuse a fully funded litigation component from its statutory and court-ordered duties. ICE therefore "has not shown that its proposal is warranted by anything other than self-imposed constraints in resources and staffing." *Club v. Off. of Mgmt. & Budget*, No. 25-CV-05732-LJC, 2026 WL 377873, at *1 (N.D. Cal. Feb. 11, 2026).

*Second*, ICE's position runs headlong into FOIA's prohibition on secret law. FOIA requires affirmative disclosure of statements of policy, interpretations, and agency instructions that affect the public, and it forbids agencies from relying on undisclosed rules against litigants who lack actual notice of their terms. *See* 5 U.S.C. §§ 552(a)(2)(B), (C), (E)(i). ICE and DHS have published no statements of policy, interpretation, or instruction explaining a purported shutdown of the ICE FOIA Office or identifying which FOIA functions are suspended. Unlike prior shutdowns, DHS has posted nothing with any degree of specificity—and has not even publicly disclosed that the

4

Plaintiff's Opposition to Defendant's
Motion to Stay Briefing

FOIA Office is allegedly closed.[2] DHS's and ICE's public statements about the impact of the partial shutdown also suggest that ICE is largely operational due to the One Big Beautiful Bill Act.[3] And since the start of the partial shutdown on February 14, 2026, the ICE FOIA Library has been updated at least five times with recent detention facility compliance inspection reports.[4] This process necessarily involves individuals within the ICE FOIA Office—individuals who Defendant suggests are furloughed.[5] The Court is being asked to accept an undocumented internal claim that FOIA itself does not permit ICE to rely upon.

*Third*, even accepting Defendant's unsupported assertions as true, Defendant ICE can prepare and file its brief without violating the Anti-Deficiency Act. Longstanding Executive Branch legal interpretations except the performance of duties required by a court order from this

---

[2] For example, during the shutdown in October 2025, ICE's FOIA website included a disclaimer stating: "Due to the lapse in federal funding, this website will not be actively managed." Archived website link available at https://web.archive.org/web/20251008172346/https://www.ice.gov/foia. There is currently no such disclaimer present on the same website. *See* U.S. Immigration and Customs Enforcement, FOIA, https://www.ice.gov/foia (last accessed Mar. 6, 2026).

[3] U.S. Dep't of Homeland Sec., *Another Democrat Government Shutdown Dramatically Hurts America's National Security* (Feb. 17, 2026), https://www.dhs.gov/news/2026/02/17/another-democrat-government-shutdown-dramatically-hurts-americas-national-security (noting "ICE's mission will continue" during shutdown); NPR, "5 things to know about the shutdown at the Department of Homeland Security" (Feb. 14, 2026), https://www.npr.org/2026/02/14/nx-s1-5713914/department-of-homeland-security-shutdown ("During two congressional hearings this week, the leaders of Immigration and Customs Enforcement and Customs and Border Protection told lawmakers their agencies would likely not see significant impact on their enforcement operations since both agencies received more than $70 billion from Congress last summer.").

[4] *See* U.S. Immigration and Customs Enforcement, FOIA ICE Library, https://www.ice.gov/foia/library (showing five documents uploaded to the FOIA ICE library dated after February 14, 2026) (last accessed Mar. 9, 2026).

[5] U.S. Immigration and Customs Enforcement, Freedom of Information Act (FOIA) Standard Operating Procedure (2017), https://www.governmentattic.org/58docs/ICEfoiaSOP2014_2017.pdf#page=67 (explaining that agency proactive disclosures such as Detention Oversight Facility Compliance Inspection reports require a FOIA analyst to review and redact the records, a designated FOIA employee to review the redactions and standardize the naming or formatting of the document, and a FOIA officer to review and concur).

Act's prohibition on performing work during a lapse in appropriations.[6] Thus, the Court's order setting the briefing schedule and directing Defendant to file its brief by March 13, 2026, *see* Dkts. 32, 37, authorizes the FOIA Director and any other necessary employees within the FOIA Office to prepare a declaration and perform any additional work necessary to respond to Plaintiff's cross-motion and opposition.

Instead of complying with its statutory duty, Defendant ICE is using the partial DHS shutdown as an excuse to avoid its obligations under FOIA. This tactic aligns with ICE's current practice of ignoring and delaying requests for information in violation of FOIA. *See* Dave Levinthal, "ICE May Be Breaking the Law to Stonewall Reporters," Columbia Journalism Review (Sept. 22, 2025), https://www.cjr.org/analysis/ice-cbp-dhs-journalism-foia.php. As reported in the Columbia Journalism Review, nearly two dozen reporters and watchdog groups have described ICE's months-long delays and blanket denials to FOIA requests. *Id*. Multiple media organizations and transparency advocates contend that these practices violate FOIA's statutory deadlines and disclosure requirements, forcing newsrooms to sue simply to obtain minimal records. *Id*. ICE should not be allowed to continue violating its legal duties to the public. Defendant ICE cannot nullify FOIA, or this Court's authority to enforce it, by asserting that it may spend billions of dollars to continue to detain and transfer individuals across the country while simultaneously disclaiming any obligation to account for those expenditures through FOIA. *See N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) ("The basic purpose of FOIA is to ensure

---

[6] *See, e.g.*, U.S. Dep't of Just., FY2026 Contingency Plan, 3 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl; U.S. Dep't of Homeland Sec., Procedures Relating to a Lapse in Appropriations, 26 (Sept. 29, 2025), https://www.dhs.gov/sites/default/files/2025-09/2025_0930_dhs_procedures_related_to_a_lapse_in_appropriations.pdf.

6

Plaintiff's Opposition to Defendant's
Motion to Stay Briefing

an informed citizenry, vital to the functioning of a democratic society, needed to … hold the governors accountable to the governed.").

Therefore, Plaintiff respectfully requests that the Court deny ICE's motion for a stay.

DATED: March 10, 2026

Respectfully submitted,

By: /s/ Rachel Landry

**Rachel Landry**, Mass. No. 713320*
rachel@innovationlawlab.org
**Tess Hellgren**, OSB No. 191622
tess@innovationlawlab.org
**Tiffany E. Wang**, N.M. No. 163189*
tiffany@innovationlawlab.org
Innovation Law Lab
333 SW 5th Ave., Suite 200
Portland, OR 97204
Telephone: (503) 922-3042

**Amber Qureshi**, D.C. No. 90001046*
M.D. Atty. No. 1912180097
amber@qureshilegal.com
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Rd, PMB #207
Columbia, MD 21045
Telephone: (443) 583-4353

*admitted pro hac vice*

*Attorneys for Plaintiff Innovation Law Lab*