IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| INNOVATION LAW LAB, | Case No.: 3:25-cv-00066-AN |
| Plaintiff, | |
| v. | |
| US IMMIGRATION AND CUSTOMS ENFORCEMENT, | OPINION AND ORDER |
| Defendant. | |

Plaintiff Innovation Law Lab brings this action against defendant US Immigration and Customs Enforcement ("ICE") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, seeking to compel disclosure of the policies and procedures governing defendant's detention placement and transfer decisions. On January 17, 2026, defendant filed a motion for partial summary judgment. On February 16, plaintiff filed a combined motion for partial summary judgment and response in opposition to defendant's motion for partial summary judgment. On March 6, defendant filed the instant motion for stay of briefing due to lapse in appropriations. Upon review of the parties' filings, the Court finds this matter appropriate for decision without oral argument. *See* Local R. 7-1(d). For the reasons described below, defendant's motion for stay is DENIED.

## LEGAL STANDARD

A district court possesses "inherent authority to stay federal proceedings pursuant to its docket management powers." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A "court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citation and quotation marks omitted). The decision to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*,

1

299 U.S. at 254-55. In the Ninth Circuit, there are

> three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.

*Ernest Bock*, 76 F.4th at 842 (citation and quotation marks omitted). The movant bears the burden of demonstrating that the factors weigh in favor of a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## BACKGROUND

On January 13, 2025, plaintiff initiated this FOIA action. Compl., ECF 1. On June 13, 2025, plaintiff filed the operative first amended complaint, ECF 19, which defendant answered on July 7, 2025, ECF 22.

On August 29, 2025, the parties moved for, and the Court set, a briefing schedule as to the parties' anticipated cross-motions for summary judgment, ECF 25. On October 1, 2025, however, defendant filed an unopposed motion for stay in light of lapse of appropriations, ECF 26. The Court granted the motion. Order of October 27, 2025, ECF 27. On November 18, 2025, defendant filed a notice of end of lapse in appropriations, ECF 28. Upon receipt of the notice, the Court adopted a new briefing schedule as to the parties' anticipated cross-motions for summary judgment. Order of November 21, 2025, ECF 29.

On December 16, 2025, defendant filed moved to extend the briefing schedule, ECF 30. The Court granted the motion over plaintiff's objection and extended the briefing schedule as to the parties' anticipated cross-motions for summary judgment. Order of December 19, 2025, ECF 32. In relevant part, the Court set defendant's deadline to file its motion for summary judgment as January 16, 2026. *Id.*

On January 17, 2026, defendant filed a motion for partial summary judgment, ECF 33. On January 20, 2026, the Court ordered defendant to show why there is good cause to extend the January 16 filing deadline to January 17, ECF 35. Based on defendant's response, the Court found good cause and extended the briefing schedule. Order of January 22, 2026, ECF 37. On February 16, 2026, plaintiff filed a combined motion for partial summary judgment and response to defendant's motion for partial summary judgment, ECF 38.

2

On March 6, 2026, defendant filed the instant motion for stay due to lapse in funding ("Mot. for Stay"), ECF 40. On March 10, 2026, plaintiff responded in opposition ("Pl. Resp. to Mot. for Stay"), ECF 41. That same day, defendant filed a declaration of Kenneth N. Clark in support of the motion for stay ("Clark Decl."), ECF 42.

On March 27, 2026, plaintiff filed a combined reply in support of its motion for partial summary judgment and response in opposition to defendant's motion for partial summary judgment, ECF 43. Defendant has not since filed any additional documents in support of its motion for partial summary judgment or in opposition to plaintiff's motion.

## DISCUSSION

Defendant has not met its burden of demonstrating that the relevant factors weigh in favor of a stay. In fact, defendant's motion does not name or grapple with the relevant factors at all. Defendant argues simply "that it cannot meaningfully participate in this litigation" because many of defendant's FOIA officers are furloughed. Mot. for Stay 2. The Court considers the factors, and the parties' arguments, below.

First, the possible damages resulting from granting a stay are significant. Importantly, this is a FOIA action, meaning it is subject to "special consideration." *Freedom Commc'ns Inc. v. F.D.I.C.*, 157 F.R.D. 485, 486 (C.D. Cal. 1994) (explaining that "the rights granted by FOIA are among the federal rights worthy of special consideration" and that the "Judiciary Code [] encourages the Court to expedite actions concerning federal rights including rights established under FOIA" (citing 28 U.S.C. § 1657(a))). In FOIA cases, long and "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of [] FOIA." *Long v. U.S. I.R.S.*, 693 F.2d 907, 910 (9th Cir. 1982). These concerns are heightened where the stay defendant seeks is indefinite. *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) ("If a stay is especially long or its term is indefinite, [the Ninth Circuit] require[s] a greater showing to justify it."). Plaintiff argues that the records it seeks, which pertain to ICE's guidelines for the placement and transfer of individuals in ICE custody, are critical because "ICE continues to detain and rapidly transfer individuals, including Plaintiff's clients, at an unprecedented scale." Pl. Resp. to Mot. for Stay 3. (citations omitted).

Given the immediacy and magnitude of the alleged harm, issuing a stay here threatens to cause significant damage. That threat is heightened further because defendant asks for the stay to extend "until funding is restored" at some unknown time. Mot. for Stay 3. The Court finds the first factor weighs heavily against a stay.

The second factor weighs slightly in favor of defendant. Though defendant does not explicitly address the relevant factors, defendant's argument and subsequently filed declaration both go toward the hardship or inequity that defendant may suffer if required to go forward during the pendency of the lapse in appropriations. The declaration is made by Kenneth N. Clark, the Assistant Director of the Office of Information Governance and Privacy at ICE, who is excepted from furlough. Clark Decl. ¶¶ 1, 3-4. Clark oversees the ICE FOIA Office but does "not perform day-to-day FOIA processing or FOIA litigation work." *Id.* ¶¶ 3-4. Due to the lapse in appropriations, Clark reports that "the ICE FOIA operations have been treated as a non-excepted function, and all ICE FOIA Office employees, including the ICE FOIA Director . . . , who is ICE's declarant in FOIA lawsuits," have been furloughed. *Id.* ¶¶ 12-13. Clark states that "[w]ithout the ICE FOIA Litigation team, agency counsel cannot adequately represent the agency in FOIA litigations because factual information relating to the agency's obligation under the FOIA to conduct a reasonable search and applying appropriate FOIA Exemptions would not be available." *Id.* ¶ 9; *see id.* ¶¶ 16-18. It appears from Clark's declaration and defendant's motion that *some* burden may be placed on defendant if forced to proceed during the pendency of the lapse in appropriations.

Nonetheless, the extent of the burden defendant may face if required to proceed is not clear. A party seeking "a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255. Here, it is far from clear that an indefinite stay based on the furlough of ICE FOIA Office employees is warranted. To begin, FOIA requires agencies to affirmatively disclose statements of policy, interpretations, and agency instructions that affect the public, and agencies are prohibited from relying on undisclosed rules against litigants who lack actual notice of the terms of those rules. 5 U.S.C. §§ 552(a)(2)(B), (C), (E)(i). Defendant has not pointed to, and this Court is not aware of, any published

4

statement of policy, interpretation, or instruction either explaining that the ICE FOIA Office is not currently in operation or identifying which, if any, FOIA operations are suspended.

Clark avers that the only FOIA-related work that "has been classified as exempt or excepted," under ICE procedures are "functions [that] are funded by appropriations that have not yet lapsed, such as multi-year or permanent appropriations, including expenditures funded under the One Big Beautiful Bill Act," and functions that are "necessary for the safety of human life or the protection of property." Clark Decl. ¶ 19. According to Clark, "FOIA litigation work that is not tied to those exempt or excepted categories, including the FOIA litigation at issue in this case, has not been authorized to continue during the lapse in appropriations." *Id.* But it is not clear from defendant's motion or Clark's declaration how defendant has made its determinations regarding exempt and non-exempt functions or "why work on this litigation is not exempted when ICE received substantial funding through the One Big Beautiful Bill." *Univ. of Wash. v. U.S. Dep't of Homeland Sec.*, No. 2:24-cv-01872-LK, 2026 WL 864702, at *3 (W.D. Wash. Mar. 30, 2026) (denying ICE's motion for a stay on similar facts). It is also unclear how defendant has determined whether a given FOIA case concerns activities "necessary for the safety of human life or the protection of property." Clark Decl. ¶ 19. Plaintiff seeks records concerning defendant's guidelines for deciding how to place, detain, and transfer non-citizens in defendant's custody. Pl. Resp. to Mot. for Stay 1. It appears that such placement and transfer decisions may affect a detainee's safety and life. *See* Pl. Resp. to Def. Mot. for Ext. of Time, ECF 31, at 7-8 (collecting sources). On balance, the hardship or inequity faced by defendant if it is forced to proceed cannot be said to outweigh the possible damages resulting from a stay in this case.

The third factor, the orderly course of justice, appears somewhat neutral. On one hand, as noted above, long and "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of [] FOIA." *Long*, 693 F.2d at 910. This indicates that the orderly course of justice favors denying the motion for stay. On the other hand, defendant avers that it cannot meaningfully participate in this litigation without support from the ICE FOIA Office, Clark Decl. ¶¶ 18-19, and it is certainly most efficient to address fully briefed cross-motions that simplify the issues for the Court. *See Univ. of Wash.*, 2026 WL 864702, at *3. This indicates that the orderly course of justice favors a stay. On balance, this factor does not appear

to weigh heavily in either direction.

Taken together, the factors favor denial of defendant's motion. Issuing the requested stay may cause significant harm to plaintiff and numerous nonparties, particularly since defendant cannot tell the Court when it expects the stay to end. And while defendant may be burdened by continuing this litigation, defendant has not sufficiently clarified the extent or causes of that burden. For all of these reasons, the Court concludes that defendant has not met its burden of demonstrating that the requested indefinite stay is warranted in this case.

Finally, the Anti-Deficiency Act (the "Act") does not change the Court's conclusion. Clark appears to assert the Act bars defendant from participating in this litigation during the lapse in appropriations. *See* Clark Decl. ¶¶ 14, 19, 21. Not so. To begin, Clark's analysis on this point hinges on defendant's determinations as to what is exempt or excepted. *See id.* As discussed above, it is not clear how defendant has made these determinations. More importantly, however, the Act does not prohibit the performance of duties required by a court order. *See* U.S. Dep't of Just., FY 2026 Contingency Plan, 3 (Sept. 29, 2025), httsp://www.justice.gov/jmd/media/1377216/dl; *see also Robert F. Kennedy Human Rights v. U.S. Dep't of Homeland Sec.*, No. 25-CV-6541 (JMF), 2026 WL 937016, at *2 (S.D.N.Y. Apr. 7, 2026) ("[T]he Department of Justice . . . has determined that, absent a court-ordered stay, agencies must carry out the work required to comply with court orders during a shutdown, as those orders constitute express legal authorization for the activity to continue." (citation and quotation marks omitted)). Here, the Court has ordered a briefing schedule as to the parties' cross motions, *see* Order of January 22, 2026, and now denies defendant's motion for stay. It is permissible—and in fact required—for defendant to comply with the Court's orders.

## CONCLUSION

For the reasons described herein, defendant's motion for stay of briefing due to lapse in funding, ECF 40, is DENIED. The Court finds there is good cause to sua sponte extend defendant's deadline to file a combined response in opposition to plaintiff's motion for partial summary judgment and reply in support of defendant's own motion for partial summary judgment, which is now due one (1) day following the date

of this Order, i.e., on or before April 23, 2026. Plaintiff shall then have seven (7) days to file a supplemental reply in support of its motion for partial summary judgment.


IT IS SO ORDERED.


DATED this 22nd day of April, 2026.

Adrienne Nelson
United States District Judge